UNITED STATES of AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

TALITHA ALLEN-MORALES,

    Plaintiff,                                 DEMAND FOR JURY TRIAL

-vs-                                             Case No.
                                               Hon.

SPECTRUM MOTORS, LLC, and
NATIONWIDE CASSEL LLC,

    Defendants.

## COMPLAINT AND JURY DEMAND

## JURISDICTION

1. This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

2. As to any supplemental claims set forth herein, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction and the interests of justice would best be served if this Court heard these claims along with the federal claims.

## PARTIES

3. The Plaintiff to this lawsuit is Talitha Allen-Morales who resides in Highland Park, Michigan in Wayne County.

4. Talitha Allen-Morales is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at §1681a(c).

5. The Defendants to this lawsuit are as follows:

   a. Spectrum Motors LLC ("SMLLC") which is a corporation doing business in Michigan and which by statute and condition of licensing, may be served through its irrevocable resident agent, the Bureau of Regulatory Services, Business Licensing and Regulation Division, Richard H. Austin Building – 3rd Floor, 430 W. Allegan Street, Lansing, MI 48918.

   b. Nationwide Cassel LLC ("NCLLC"), which is a corporation doing business in Michigan, and whose resident agent, CSC-Lawyers Incorporating Service (Company), maintains its office at 2900 West Road STE 500, East Lansing, MI 48823.

6. At all relevant times SMLLC – in the ordinary course of its business – regularly extended or offered consumer credit for which a finance charge is, or may be imposed or which, by written agreement is payable in more than four installments and is the person to whom the transaction which is the subject of this action is initially payable.

7. SMLLC is a creditor under TILA, 15 U.S.C. § 1602(g) and regulation Z § 226.2(a)(17).

8. Nationwide Cassel LLC ("NCLLC") is a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

9. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, NCLLC is subject to all claims and defenses that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

## VENUE

10. The transactions and occurrences which give rise to this action occurred in Wayne County.

11. Plaintiff resides within the boundaries for this Court.

12. Venue is proper in the United States District Court for the Eastern District of Michigan.

## GENERAL ALLEGATIONS

13. On or about December 2, 2022, Plaintiff purchased a certain 2014 GMC Terrain, VIN 2GKALMEK1E6152241 ("the vehicle") from SMLLC and SMLLC extended credit to Plaintiff for the purchase.

14. Plaintiff paid SMLLC $500.00.

15. Plaintiff signed no documents when she purchased the vehicle and was provided with no documents to review, rather, SMLLC stated that she would receive the paperwork in the mail.

16. SMLLC apparently then forged Plaintiff's signature on a financing document which it assigned or sold to NCLLC.

17. The retail installment contract is currently held by NCLLC.

18. Plaintiff never entered into any legitimate or legal credit arrangement with the Defendant SMLLC.

19. At no time did the Plaintiff authorize the Defendants or anyone else to sign her name to any financing document.

20. SMLLC failed to apply for title within the time required by the State of Michigan and therefore the transaction is void.

21. Plaintiff properly rescinded, canceled, or otherwise terminated the contract of sale, thereby requiring SMLLC to return of all payments for the vehicle, cancel the security interest in the vehicle, and return the motor vehicle retail instalment sales contract.

22. Plaintiff suffered damages as a result of the acts and omissions set forth herein.

23. In spite of actual notice that the credit transaction underlying the vehicle sale was fraudulently made, NCLLC reported the account to credit bureaus ("NCLLC false information").

24. Plaintiff discovered the NCLLC false information on one or more of her consumer reports being reported by NCLLC.

25. Ms. Allen-Morales disputed the NCLLC false information by transmitting actual notice of her dispute to NCLLC along with an adequate description and explanation to each of the major credit reporting agencies regarding her dispute and why the transaction was fraudulent.

26. Ms. Allen-Morales requested that the credit reporting agencies reinvestigate and correct the NCLLC false information as envisioned by 15 U.S.C. § 1681i.

27. Ms. Allen-Morales's request for reinvestigation included sufficient information to provide actual notice that the NCLLC false information was inaccurate and the source of information was not reliable.

28. One or more credit reporting agencies responded to this dispute from Ms. Allen-Morales by requesting verification of the NCLLC false information from NCLLC.

29. NCLLC responded to the reinvestigation request by verifying the NCLLC false information.

30. NCLLC failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

31. As a result of NCLLC's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

## COUNT I -- Truth In Lending Act

### (SMLLC)

32. Plaintiff incorporates the preceding allegations by reference.

33. SMLLC was required to make the disclosures required by 16 U.S.C. § 1638 prior to consummating the sale of the vehicle.

34. Those disclosures were required to be made in writing, in form that could be kept by the consumer so that consumers may shop for credit prior to engaging in a credit transaction.

35. SMLLC failed to make those disclosures in a timely fashion in violation of 15 U.S.C. § 1638(a)(4).

36. By failing to provide Plaintiff with a copy of truth in lending disclosures at the time and in the manner prescribed by Reg. Z of the Truth in Lending Act, the dealer has violated the federal Truth in Lending Act, 15 U.S.C. § 1601.

37. SMLLC failed to accurately disclose the cash price of the vehicle.

38. The failure to properly disclose the cash price of the vehicle consequently caused a failure to accurately disclose the amount financed in violation of 15 U.S.C. § 1638; 16 CFR § 226.18 (b) and (c).

39. SMLLC failed to accurately disclose the applicable finance charge as required by 15 U.S.C. § 1638 and Reg Z § 226.18(d)

40. SMLLC failed to accurately disclose and itemize the amount financed in violation of 15 U.S.C. § 1638, Reg Z § 226.18(b), and Reg Z § 226.18(c).

41. As a consequence of failing to accurately state the actual finance charge, SMLLC also misstated the applicable "APR" in violation of 15 U.S.C. § 1338 and Reg Z § 226.18(e).

42. SMLLC failed to accurately disclose the applicable "APR" as required by 15 U.S.C. § 1638; Reg Z § 226.18(32); Reg Z § 226.22.

43. SMLLC is liable to plaintiff for actual and statutory damages to be determined at trial, costs, and statutory attorney fees in accordance with 15 U.S.C. § 1640.

## COUNT II -- Violation of Michigan Consumer Protection Act

## (SMLLC & NCLLC)

44. Plaintiff incorporates the preceding allegations by reference.

45. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, NCLLC is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

46. SMLLC is engaged in trade or commerce as that terms is defined in M.C.L. § 445.902.

47. SMLLC has engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L. § 445.903, including but not limited to the following:

   a. Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

   b. Using deceptive representations or deceptive designations of geographic origin in connection with goods or services.

c. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

d. Representing that goods are new if they are deteriorated, altered, reconditioned, used, or secondhand.

e. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

f. Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions.

g. Representing that a part, replacement, or repair service is needed when it is not.

h. Representing to a party to whom goods or services are supplied that the goods or services are being supplied in response to a request made by or on behalf of the party, when they are not.

i. Causing a probability of confusion or of misunderstanding with respect to the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction.

j. Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

k. Causing a probability of confusion or of misunderstanding as to the terms or conditions of credit if credit is extended in a transaction.

l. Disclaiming or limiting the implied warranty of merchantability and fitness for use, unless a disclaimer is clearly and conspicuously disclosed.

m. Representing that a consumer will receive goods or services "free", "without charge", or words of similar import without clearly and conspicuously disclosing with equal prominence in immediate conjunction with the use of those words the conditions, terms, or prerequisites to the use or retention of the goods or services advertised.

n. Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

o. Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.

p. Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to it a deposit, down payment, or other payment, or in the case of property traded in but not available, the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest.

q. Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, if the merchant knows or has reason to know that the statement is not true.

r. Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

s. Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

t. Causing coercion and duress as the result of the time and nature of a sales presentation.

 u. Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

48. Plaintiff suffered damages as a result of these violations of the Michigan Consumer Protection Act.

### COUNT III — Motor Vehicle Sales Finance Act
### (SMLLC & NCLLC)

49. Plaintiff incorporates the preceding allegations by reference.

50. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, NCLLC is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

51. SMLLC failed to properly complete all necessary terms of the installment contract as required by M.C.L. § 492.101 *et seq.*

52. Plaintiff suffered the damages set forth above by reason of the SMLLC's violations of the MVSFA.

### COUNT IV — Motor Vehicle Installment Sales Contract Act
### (SMLLC & NCLLC)

53. Plaintiff incorporates the preceding allegations by reference.

54. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, NCLLC is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

55. SMLLC failed to properly complete all necessary terms of the installment contract as required by M.C.L. § 566.302 *et seq*.

56. Plaintiff suffered damages in the amount of the finance charge imposed.

## COUNT V — Motor Vehicle Code Violations

## (SMLLC & NCLLC)

57. Plaintiff incorporates the preceding allegations by reference.

58. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, NCLLC is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

59. SMLLC failed to apply for title within 15 days of delivering the vehicle in violation of MCL § 257.235.

60. SMLLC's failure to effectively transfer title constituted a violation of M.C.L. §257.235.

61. Plaintiff may void the contract of sale as a result SMLLC's violation of the Motor Vehicle Code.

62. Plaintiff may void the contract of sale as a result SMLLC's violation of the Motor Vehicle Code under M.C.L. §257.251.

### **COUNT VI – Fair Credit Reporting Act (NCLLC)**

63. Ms. Allen-Morales incorporates the preceding allegations by reference.

64. NCLLC was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Ms. Allen-Morales through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

65. In the event that NCLLC was unable to verify the information which it had reported after a reasonable reinvestigation, NCLLC was required to advise the credit reporting agency of this fact.

66. NCLLC did not conduct a reasonable reinvestigation but after the time had elapsed to do so, continued to report the NCLLC false information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

67. NCLLC did not conduct a reasonable reinvestigation, and continued to report the NCLLC false information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

68. Following dispatch of notice directly to NCLLC, NCLLC reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

69. Following the dispatch of direct notice to NCLLC, NCLLC failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

70. NCLLC willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Ms. Allen-Morales's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

71. In the alternative, NCLLC negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

72. NCLLC willfully refused to properly reinvestigate the inaccuracies in Ms. Allen-Morales's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

73. In the alternative, NCLLC negligently failed to conduct a proper reinvestigation of Ms. Allen-Morales's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

74. Ms. Allen-Morales has suffered damages as a result of these violations of the FCRA.

## COUNT VII – Intentional Infliction of Emotional Distress

## (NCLLC)

75. Plaintiff incorporates the preceding allegations by reference.

76. NCLLC's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

77. NCLLC intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

78. NCLLC's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

79. Plaintiff has suffered damages as a result of the conduct of NCLLC.

## COUNT VIII – Negligence

## (NCLLC)

80. Plaintiff incorporates the preceding allegations by reference.

81. NCLLC owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

82. NCLLC's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

83. Plaintiff has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by NCLLC.

### COUNT IX– Negligence *Per Se*

### (NCLLC)

84. Plaintiff incorporates the preceding allegations by reference.

85. NCLLC's actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

86. Those unreasonable actions were *per* se unreasonable.

87. Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by NCLLC.

### COUNT IX – Defamation by Libel

### (NCLLC)

88. Plaintiff incorporates the preceding allegations by reference.

89. NCLLC's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

90. NCLLC's publications were not privileged communications.

91. NCLLC's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

92. The statements were *per se* defamatory.

93. Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

94. Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

### COUNT X – Malicious Statutory Libel

### (NCLLC)

95. Plaintiff incorporates the preceding allegations by reference.

96. The inaccurate credit information was published with malice or ill-will.

97. Plaintiff has suffered damages as a result of this malicious libel by NCLLC in violation of M.C.L. § 600.2911.

98. Plaintiff is entitled to actual and punitive damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

### JURY DEMAND

99. Plaintiff requests a jury trial in this case.

**REQUEST FOR RELIEF**

Plaintiff requests that this Honorable Court assume jurisdiction over this case and including all supplemental claims, award actual damages, treble damages, statutory, and punitive damages, costs, and attorney fees.

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:   /s/ Adam G. Taub
      Adam G. Taub (P48703)
      Attorney for Talitha Allen-Morales
      17200 West 10 Mile Rd. Suite 200
      Southfield, MI 48075
      Phone:  (248) 746-3790
      Email:  adamgtaub@clgplc.net

Dated: July 21, 2023